980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney MIDDLETON, Petitioner/Appellant,
v.
Thomas RICHARDS, et al., Respondents/Appellees.
 No. 91-3902.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 1, 1992.*
Decided Dec. 9, 1992.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 91 C 335; Allen Sharp, Chief Judge.
 
 
 1
 N.D.Ind.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Rodney Middleton, an inmate at Westville Correctional Center, petitions for a writ of habeas corpus, challenging his guilty plea. 28 U.S.C. § 2254. Middleton claims that the plea was involuntary and that his counsel during the plea rendered ineffective assistance. The district court denied the writ, and we affirm.
 
 I. BACKGROUND
 
 4
 Middleton was charged with several crimes including attempted murder, conspiracy to deal in heroin, possession with intent to distribute heroin, possession of heroin, and resisting law enforcement. In exchange for the state's agreement to drop most of these charges, Middleton pleaded guilty to possession with intent to distribute heroin.
 
 
 5
 Before accepting Middleton's plea, the Indiana State Court judge discussed the nature of the charge against Middleton, including the potential penalties. The judge then informed Middleton that, by pleading guilty, he was waiving the rights (1) against self-incrimination, (2) to a jury trial, (3) to be proven guilty beyond a reasonable doubt, and (4) to confront and call witnesses. The judge next inquired into the voluntariness of the plea, asking Middleton whether he entered the plea of his own free will and whether he received any promises in exchange for the plea. Finally, the judge read the plea agreement into evidence and heard the factual basis for the plea.
 
 
 6
 Middleton answered all of the judge's questions appropriately. Although he answered most of the questions either "yes, sir" or "no, sir," Middleton also answered questions calling for more extended answers. When asked his age, Middleton replied "twenty-nine." When asked whether he was making the guilty plea voluntarily and of his own free will, Middleton responded "of my own freewill [sic]." When Middleton was asked to respond to the factual basis of the plea, he engaged in the following colloquy:
 
 
 7
 The Court: And as far as the heroin, is that to be cut and then sold or distributed or given away?
 
 
 8
 Mr. Middleton: Yes, sir. I really use it.
 
 
 9
 The Court: Pardon?
 
 
 10
 Mr. Middleton: I really use it.
 
 
 11
 The Court: And it also was going to be distributed?
 
 
 12
 Mr. Middleton: No, I was going to use it.
 
 
 13
 The Court: Well, you're pleading guilty with the intent to distribute it so--or deliver. If it was just for use why I can't accept your guilty plea.
 
 
 14
 Mr. Middleton: Well, I'm pleading guilty to what the plea bargain is, your Honor.
 
 
 15
 The Court: Well, now the factual basis would have to indicate that you had that with the intent to deliver to someone else to cut it and distribute it or ...
 
 
 16
 Mr. Middleton: That's what I had it for.
 
 
 17
 The Court: Pardon?
 
 
 18
 Mr. Middleton: That's what I had it for to cut it and to sell.
 
 
 19
 The Court: To cut it and to sell?
 
 
 20
 Mr. Middleton: Yes, sir.
 
 
 21
 The Court: And deliver?
 
 
 22
 Mr. Middleton: Yes, sir.
 
 
 23
 The Court: You're sure about that. You're not just saying that now because I asked you, is that right?
 
 
 24
 Mr. Middleton: No, sir.
 
 
 25
 The Court: Pardon?
 
 
 26
 Mr. Middleton: No, sir, I ain't just saying that.
 
 
 27
 After hearing Middleton's responses, the judge took his plea under advisement until the sentencing hearing.
 
 
 28
 On the day of sentencing, Middleton's attorney, Richard Hailey, informed the judge that Middleton had acted inappropriately after his guilty plea. Because he believed that Middleton had ingested drugs before his guilty plea, Hailey moved to withdraw the plea. The judge, who considered Middleton's behavior and responses at the hearing appropriate, refused to vacate. The judge entered the conviction and sentenced Middleton to sixteen years' imprisonment.
 
 
 29
 After sentencing, Middleton challenged the guilty plea in a state post-conviction proceeding. At his post-conviction hearing, Middleton testified that he had taken heroin on the day of his guilty plea. Middleton's ex-girlfriend, Gertrude Woodford, corroborated his story. Woodford claimed that Middleton acted strangely when he drove her to work on the day of his plea hearing. Based on her experience with Middleton, she believed that he had taken heroin. Attorney Hailey also testified at the hearing. Hailey claimed that Middleton seemed fine before the plea hearing, but that his actions became more inappropriate as the day wore on. Hailey did not believe that Middleton was severely disoriented at the time of his hearing.
 
 
 30
 After the hearing, the trial court denied post-conviction relief, and the Indiana Court of Appeals affirmed. See Middleton v. State, 567 N.E.2d 141 (Ind.App.1991). Middleton then petitioned the Indiana Supreme Court, which denied a transfer. Finally, Middleton filed a petition for a writ of habeas corpus in federal district court. The district court denied the writ, and Middleton appeals.
 
 II. ANALYSIS
 
 31
 On appeal, Middleton argues that his attorney provided ineffective assistance during his guilty plea and that his ingestion of heroin rendered his plea involuntary. Neither claim warrants relief.
 
 A. Ineffective Assistance of Counsel
 
 32
 Middleton argues that his counsel provided ineffective assistance because he failed to request a competency hearing before the guilty plea. Hailey's performance was ineffective under Strickland v. Washington, only if: (1) his performance was deficient, and (2) his actions caused serious prejudice. Strickland, 466 U.S. 668, 687 (1984).
 
 
 33
 We need only consider the first part of the Strickland test here, because Hailey's performance was not deficient. Deficient performance means errors "so serious that counsel was not functioning as 'counsel' guaranteed by the sixth amendment." Id. at 687. To meet this standard, an attorney's conduct must fall outside of "the range of competence demanded by attorneys in criminal cases." Id. at 687-88. When making this assessment, we must not second-guess the attorney's conduct with the benefit of hindsight. Id. at 689.
 
 
 34
 Hailey's conduct fell inside an acceptable range of competence despite his failure to request a competency hearing. Hailey testified that Middleton acted normally before his plea and behaved only slightly inappropriately at the proceeding itself. Because of this innocuous behavior, Hailey did not realize that Middleton had taken drugs until after the plea proceeding. Hailey then reported the problem during his next court appearance. Although Hailey admitted that, as a matter of hindsight, he understood that Middleton had ingested drugs before his guilty plea, this does not make Hailey's conduct inappropriate. Considering the circumstances of this case, Hailey responded to the problem as soon as possible.
 
 B. The Guilty Plea
 
 35
 A guilty plea is constitutionally valid if entered voluntarily and intelligently. North Carolina v. Alford, 400 U.S. 25, 31 (1970). A plea is voluntary if not induced by threats or misrepresentations and if the defendant is made aware of the direct consequences of his plea. Brady v. United States, 397 U.S. 742, 755 (1970). A plea is "intelligent" if the defendant understands the rights he waives including the rights: (1) against self-incrimination, (2) to trial by jury, and (3) to confront accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969)[1].
 
 
 36
 Under this standard, Middleton's plea was knowing and voluntary. Although Middleton may have ingested heroin on the day of his plea, he never proved that the heroin prevented him from understanding his plea bargain. Middleton functioned normally before the hearing. Before appearing in court, Middleton drove girlfriend to work and intelligently discussed his plea agreement with his attorney. Middleton also responded appropriately at the hearing. He indicated that he understood the rights he waived including the rights to a jury trial, against self-incrimination, and to confront accusers. He also claimed that the plea was the product of his own free will, not the result of threats or promises. While Middleton was initially confused about the meaning of the word "distribute," this confusion does not render his plea involuntary. After the judge explained that "distributing" meant to cut and sell the heroin, Middleton admitted that he intended to distribute the drug. During this colloquy, neither the judge nor the prosecutor suspected that Middleton was inebriated.
 
 
 37
 Finding no constitutional error in Middleton's guilty plea, we AFFIRM the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 This constitutional standard is considerably different from the standard applied in Chichakly v. United States, 926 F.2d 624 (7th Cir.1991), which the state cites in support of its position. In Chichakly, this court asked whether a federal judge abused his discretion by refusing to grant a competency hearing. Id. at 633. In a proceeding under 28 U.S.C. § 2254, we cannot address procedural errors such as the failure to provide a competency hearing or the refusal to withdraw a guilty plea; we can only consider constitutional claims. Mabry v. Johnson, 467 U.S. 504, 507 (1984)